**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| HEALTH DIAGNOSTIC LABORATORY, INC., *et al.,* | Case No. 15-32919-KRH |
| Debtors. | Jointly Administered |
| RICHARD ARROWSMITH AS LIQUIDATING TRUSTEE OF THE HDL LIQUIDATING TRUST, | Adversary Proceeding No. 17-03937-KRH |
| | JURY TRIAL DEMANDED |
| Plaintiff, | |
| v. | |
| INTERNAL MEDICINE SPECIALISTS, P.A. AND FELIX TARM, | |
| Defendants. | |

**DEFENDANTS' ANSWER TO COMPLAINT TO AVOID AND RECOVER AVOIDABLE TRANSFERS AND FOR RELATED RELIEF**

Internal Medicine Specialists, P.A. and Felix Tarm (collectively, the "Defendants"), through their undersigned counsel, file the following Answer to Complaint to Avoid and Recover Avoidable Transfers and for Related Relief (the "Complaint"), averring as follows:

**JURISDICTION AND VENUE**

1. The averments in paragraph 1 constitute a conclusion of law to which no response is required, or seek to interpret documents which speak for themselves. To the extent a response is required,

John D. McIntyre (VSB Number 35925)
WILSON & McINTYRE, PLLC
101 West Main Street, Suite 920
Norfolk, Virginia 23510
Telephone: 757-961-3900
Facsimile: 757-961-3966
jmcintyre@wmlawgroup.com
*Attorneys for Defendants*

Patrick W. Carothers (PA I.D. 85721)
Gregory W. Hauswirth (DE Bar No 5679)
LEECH TISHMAN FUSCALDO & LAMPL, LLC
525 William Penn Place, 28th Floor
Pittsburgh, PA 15219
Telephone: 412.304.0155
Facsimile: 412.227.5551
pcarothers@leechtishman.com
ghauswirth@leechtishman.com
*Attorneys for Defendants*

the averments in paragraph 1 are denied to the extent inconsistent with the Orders of this Court referenced therein.

2. The averments in paragraph 2 are denied to the extent inconsistent with the Confirmation Order and/or applicable law.

3. The averments in paragraph 3 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 3 are denied.

4. The averments in paragraph 4 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 4 are denied. The majority of the claims in the Complaint are not core, and the Defendants respectfully decline to consent to the jurisdiction of this Honorable Court to enter a final judgment.

5. The averments in paragraph 5 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 5 are denied.

6. No response is necessary to the averments in paragraph 6.

7. The averments in paragraph 7 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 7 are denied.

8. The averments in paragraph 8 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 8 are denied.

## PARTIES

9. The averments in paragraph 9 are admitted.

10. The averments in paragraph 10 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 10 are denied.

11. The averments in paragraph 11 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 11 are denied.

## NATURE OF THE ACTION

12. No response is necessary to the averments in paragraph 12.

**FACTUAL BACKGROUND**

13. The Defendants are without sufficient information to admit or deny the averments in paragraph 13.

14. The Defendants are without sufficient information to admit or deny the averments in paragraph 14 as they relate to HDL's business practices. The remaining allegations contained in paragraph 14 are denied.

15. The averments in paragraph 15 constitute a conclusion of law to which no response is required. To the extent that a response is required, then while Defendants have no knowledge regarding any other third party who transacted business with HDL, Defendants deny the allegations contained in paragraph 15 as those allegations relate to Defendants.

16. The averments in paragraph 16 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 16 are denied.

17. The averments in paragraph 17 are denied.

18. The averments in paragraph 18 are denied.

19. The averments in paragraph 19 are denied.

20. The Defendants lack information sufficient to admit or deny the averments in paragraph 20 as they relate to HDL or any third party. The allegations are denied as they relate to the Defendants.

21. The Defendants lack information sufficient to admit or deny the averments in paragraph 21. That being said, those averments appear to be inconsistent, since they allege that HDL's liabilities were understated on its financial statements – presumably due to the claim that HDL had contingent liabilities to the United States Government – and at the same time apparently allege that the revenue which gave rise to those contingent liabilities (despite actually having been received) should never have been booked.

22. The averments in paragraph 22, at their core, constitute conclusions of law to which no response is required. With regard to any specific factual averments, those averments are denied.

23. The Defendants lack information sufficient to admit or deny the averments contained in paragraph 23. To the extent a further response is required, the averments in paragraph 23 are denied.

24. The Defendants lack information sufficient to admit or deny the averments contained in paragraph 24. To the extent a further response is required, the averments in paragraph 24 are denied.

25. The averments contained in paragraph 25 appear to restate certain matters which allegedly occurred in an unrelated proceeding to which the Defendants were not a party. As such, they lack information sufficient to admit or deny those averments. To the extent a further response is required, the averments in paragraph 25 are denied.

26. The averments contained in paragraph 26 appear to restate certain matters which allegedly occurred in an unrelated proceeding to which the Defendants were not a party. As such, they lack information sufficient to admit or deny those averments. To the extent a further response is required, the averments in paragraph 26 are denied.

27. The averments in paragraph 27 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 27 are denied.

28. The averments in paragraph 28 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 28 are denied.

29. The averments in paragraph 29 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 29 are denied.

## COUNT I
## Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 548(a)(1)(A)

30. Paragraphs 1 through 29 are incorporated herein by reference.

31. The averments in paragraph 31 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 31 are denied.

32. The Defendants lack information sufficient to admit or deny the averments contained in paragraph 32. By way of further response, the averments in paragraph 32 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 32 are denied.

33. The averments in paragraph 33 are denied.

34. The Defendants lack information sufficient to admit or deny the averments contained in paragraph 34. By way of further response, the averments in paragraph 34 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 34 are denied.

35. The Defendants lack information sufficient to admit or deny the averments contained in paragraph 35. By way of further response, the averments in paragraph 35 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 35 are denied.

36. The Defendants lack information sufficient to admit or deny the averments contained in paragraph 36. By way of further response, the averments in paragraph 36 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 36 are denied.

37. The averments in paragraph 37 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 37 are denied.

38. The averments in paragraph 38 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 38 are denied.

## COUNT II

**Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b) and 550, Va. Code § 55-80 or Other Applicable State Fraudulent Conveyance or Fraudulent Transfer Law, and as Applicable, 28 U.S.C. § 3304**

39. Paragraphs 1 through 38 are incorporated herein by reference.

40. The averments in paragraph 40 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 40 are denied.

41. The Defendants lack information sufficient to admit or deny the averments contained in paragraph 41. By way of further response, the averments in paragraph 41 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 41 are denied.

42. The averments in paragraph 42 are denied.

43. The Defendants lack information sufficient to admit or deny the averments contained in paragraph 43. By way of further response, the averments in paragraph 43 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 43 are denied.

44. The Defendants are without sufficient information to admit or deny the averments in paragraph 44. To the extent a response is required, the averments in paragraph 44 are denied.

45. The averments in paragraph 45 are denied.

46. The averments in paragraph 46 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 46 are denied.

47. The Defendants lack information sufficient to admit or deny the averments contained in paragraph 47. By way of further response, the averments in paragraph 47 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 47 are denied.

48. The averments in paragraph 48 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 48 are denied.

49. The averments in paragraph 49 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 49 are denied.

50. The averments in paragraph 50 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 50 are denied.

**COUNT III**
**Avoidance of Fraudulent Transfers Pursuant to Section 548(a)(1)(B) of the Bankruptcy Code**

51. Paragraphs 1 through 50 are incorporated herein by reference.

52. The averments in paragraph 52 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 52 are denied.

53. The averments in paragraph 53 are denied.

54. The Defendants lack information sufficient to admit or deny the averments contained in paragraph 54. By way of further response, the averments in paragraph 54 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 54 are denied.

55. The Defendants lack information sufficient to admit or deny the averments contained in paragraph 55. By way of further response, the averments in paragraph 55 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 55 are denied.

56. The Defendants lack information sufficient to admit or deny the averments contained in paragraph 56. By way of further response, the averments in paragraph 56 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 56 are denied.

57. The averments in paragraph 57 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 57 are denied.

58. The averments in paragraph 58 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 58 are denied.

59. The averments in paragraph 59 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 59 are denied.

60. The averments in paragraph 60 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 60 are denied.

61. The averments in paragraph 61 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 61 are denied.

**COUNT IV**
**Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b) and 550, Va. Code § 55-81 or Other Applicable State Fraudulent Conveyance or Fraudulent Transfer Law, and as Applicable, 28 U.S.C. § 3304**

62. Paragraphs 1 through 61 are incorporated herein by reference.

63. The averments in paragraph 63 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 63 are denied.

64. The averments in paragraph 64 are denied. By way of further response, the averments in paragraph 64 constitute a conclusion of law to which no response is required.

65. The Defendants lack information sufficient to admit or deny the averments contained in paragraph 65. By way of further response, the averments in paragraph 65 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 65 are denied.

66. The Defendants lack information sufficient to admit or deny the averments contained in paragraph 66. By way of further response, the averments in paragraph 66 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 66 are denied.

67. The Defendants lack information sufficient to admit or deny the averments contained in paragraph 67. By way of further response, the averments in paragraph 67 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 67 are denied.

68. The Defendants lack information sufficient to admit or deny the averments contained in paragraph 68. By way of further response, the averments in paragraph 68 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 68 are denied.

69. The averments in paragraph 69 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 69 are denied.

70. The Defendants lack information sufficient to admit or deny the averments contained in paragraph 70. By way of further response, the averments in paragraph 70 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 70 are denied.

71. The averments in paragraph 71 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 71 are denied.

72. The averments in paragraph 72 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 72 are denied.

73. The averments in paragraph 73 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 73 are denied.

## COUNT V
## Disallowance of Claims Pursuant to Section 502(d) of the Bankruptcy Code

74. Paragraphs 1 through 73 are incorporated herein by reference.

75. The averments in paragraph 75 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 75 are denied.

76. The averments in paragraph 76 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 76 are denied.

77. The averments in paragraph 77 are admitted in part and denied in part. Defendants admit that no transfers have been turned over to the Liquidating Trustee. All remaining averments of paragraph 77 are denied.

78. The averments in paragraph 78 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 78 are denied.

## COUNT VI
## Aiding and Abetting Breach of Fiduciary Duty

79. Paragraphs 1 through 78 are incorporated herein by reference.

80. The averments in paragraph 80 are denied. By way of further response, the averments in paragraph 80 constitute a conclusion of law to which no response is required.

81. The averments in paragraph 81 are denied. By way of further response, the averments in paragraph 81 constitute a conclusion of law to which no response is required.

82. The averments in paragraph 82 are denied. By way of further response, the averments in paragraph 82 constitute a conclusion of law to which no response is required.

83. The averments in paragraph 83 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 83 are denied.

84. The averments in paragraph 84 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 84 are denied.

85. The averments in paragraph 85 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 85 are denied.

**COUNT VII**
**Common Law Conspiracy**

86. Paragraphs 1 through 85 are incorporated herein by reference.

87. The averments in paragraph 87 are denied. By way of further response, the averments in paragraph 87 constitute a conclusion of law to which no response is required.

88. The averments in paragraph 88 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 88 are denied.

89. The averments in paragraph 89 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 89 are denied.

90. The averments in paragraph 90 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 90 are denied.

91. The averments in paragraph 91 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 91 are denied.

92. The averments in paragraph 92 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 92 are denied.

**COUNT VIII**
**Statutory Conspiracy Pursuant to Va. Code. §§ 18.2-499 *et seq.***

93. Paragraphs 1 through 92 are incorporated herein by reference.

94. The averments in paragraph 94 are denied. By way of further response, the averments in paragraph 94 constitute a conclusion of law to which no response is required.

95. The averments in paragraph 95 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 95 are denied.

96. The averments in paragraph 96 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 96 are denied.

97. The averments in paragraph 97 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 97 are denied.

98. The averments in paragraph 98 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 98 are denied.

99. The averments in paragraph 99 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 99 are denied.

100. The averments in paragraph 100 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 100 are denied.

101. The averments in paragraph 101 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 101 are denied.

102. The averments in paragraph 102 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 102 are denied.

**COUNT IX**
**Common Law Fraud**

103. Paragraphs 1 through 102 are incorporated herein by reference.

104. The averments in paragraph 104 are denied. By way of further response, the averments in paragraph 104 constitute a conclusion of law to which no response is required.

105. The averments in paragraph 105 are denied. By way of further response, the averments in paragraph 105 constitute a conclusion of law to which no response is required.

106. The Defendants lack information sufficient to admit or deny the averments contained in paragraph 106. By way of further response, the averments in paragraph 106 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 106 are denied.

107. The averments in paragraph 107 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 107 are denied.

108. The averments in paragraph 108 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 108 are denied.

109. The averments in paragraph 109 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 109 are denied.

**COUNT X**
**Constructive Fraud**

110. Paragraphs 1 through 109 are incorporated herein by reference.

111. The averments in paragraph 111 are denied. By way of further response, the averments in paragraph 111 constitute a conclusion of law to which no response is required.

112. The Defendants lack information sufficient to admit or deny the averments contained in paragraph 112. By way of further response, the averments in paragraph 112 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 112 are denied.

113. The Defendants lack information sufficient to admit or deny the averments contained in paragraph 113. By way of further response, the averments in paragraph 113 constitute a conclusion of

law to which no response is required. To the extent a response is required, the averments in paragraph 113 are denied.

114. The averments in paragraph 114 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 114 are denied.

115. The averments in paragraph 115 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 115 are denied.

**COUNT XI**
**Unjust Enrichment**

116. Paragraphs 1 through 115 are incorporated herein by reference.

117. The averments in paragraph 117 are denied. By way of further response, the averments in paragraph 117 constitute a conclusion of law to which no response is required.

118. The averments in paragraph 118 are denied.

119. The averments in paragraph 119 are denied.

120. The averments in paragraph 120 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 120 are denied.

121. The averments in paragraph 121 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 121 are denied.

122. The averments in paragraph 122 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 122 are denied.

123. The averments in paragraph 123 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 123 are denied.

**COUNT XII**
**Turnover of Property of the Estate Pursuant to § 542(a) of the Bankruptcy Code**

124. Paragraphs 1 through 123 are incorporated herein by reference.

125. The averments in paragraph 125 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 125 are denied.

126. The averments in paragraph 126 are denied. By way of further response, the averments in paragraph 126 constitute a conclusion of law to which no response is required.

127. The averments in paragraph 127 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 127 are denied.

**COUNT XIII**
**Conversion**

128. Paragraphs 1 through 127 are incorporated herein by reference.

129. The averments in paragraph 129 are denied. By way of further response, the averments in paragraph 129 constitute a conclusion of law to which no response is required.

130. The averments in paragraph 130 are denied. By way of further response, the averments in paragraph 130 constitute a conclusion of law to which no response is required.

131. The averments in paragraph 131 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 131 are denied.

132. The averments in paragraph 132 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 132 are denied.

133. The averments in paragraph 133 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 133 are denied.

**AFFIRMATIVE DEFENSES**

134. Paragraphs 1 through 133 are incorporated herein by reference.

135. Plaintiff fails to state a claim upon which relief can be granted for each of the claims set forth in the Complaint.

136. Plaintiff is barred from pursuing the Complaint in the Eastern District of Virginia due to improper venue.

137. All elements of a *prima facie* case under 11 U.S.C. **§§** 502(d), 542(a), 544(b), 548(a)(1)(A) and (B), 550, 28 U.S.C. § 3304, Va. Code § 55-80 and 55-81, and Va. Code. §§ 18.2-499 *et seq.* are not met.

138. At all applicable times, the Debtors were solvent.

139. Equity dictates that the Complaint should be dismissed pursuant to 11 U.S.C. §105.

140. The Defendants provided reasonably equivalent value in exchange for any transfers received.

141. To the extent established in discovery, the Defendants can assert set-off and offset rights under 11 U.S.C. § 553.

142. The Defendants may rely upon the affirmative defense that Defendants had no knowledge of any fraudulent intent by HDL, should such intent ultimately be deemed to exist, and thus are entitled to retain the funds received since they gave value.

143. The Defendants may rely upon the affirmative defense that Virginia law does not recognize a claim of "aiding and abetting" breach of fiduciary duty unless the actual tortfeasor is included as a defendant and sought to be held jointly liable.

144. The Defendants may rely upon the affirmative defense of lack of reliance and failure to investigate with respect to any fraud-based claim.

145. The Defendants note that with regard to any constructive fraud claim, Defendants made no false or fraudulent representations to any third party under which the Plaintiff purports to act.

146. The Defendants note that the claim for unjust enrichment is barred to the extent an actual contract existed.

147. The Defendants may rely upon the affirmative defense that Defendants did not receive proper service and notice of the Complaint.

148. The Defendants did not receive the payments that Plaintiff alleges constitute Avoidable Transfers in the Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, the Defendants request that this case be dismissed.

**DEMAND FOR JURY TRIAL**

The Defendants hereby demand trial by jury in this action of all issues so triable.

Respectfully submitted,

Dated: October 18, 2017

By: */s/ John D. McIntyre*

John D. McIntyre (VSB Number 35925)
WILSON & McINTYRE, PLLC
101 West Main Street, Suite 920
Norfolk, VA 23510
Telephone: 757.961.3900
Facsimile: 757.961.3966
jmcintyre@wmlawgroup.com

Patrick W. Carothers (PA I.D. 85721)
Gregory W. Hauswirth (PA I.D. 307482)
LEECH TISHMAN FUSCALDO & LAMPL, LLC
525 William Penn Place, 28th Floor
Pittsburgh, PA 15219
Telephone: 412.304.0155
Facsimile: 412.227.5551
pcarothers@leechtishman.com
ghauswirth@leechtishman.com

*Attorneys for Internal Medicine Specialists, P.A. and Felix Tarm*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon counsel of record on October 18, 2017, by the Court's electronic filing system, as follows:

Cullen D. Speckhart, Esq.
WOLCOTT RIVERS GATES
919 E. Main Street, Suite 1040
Richmond, VA 23219

(*Counsel to Plaintiff, Richard Arrowsmith, Liquidating Trustee of the HDL Liquidating Trust*)

*/s/ John D. McIntyre*